Gezim HYSAJ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–5745–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

James D. Christo, New York, New York, for Petitioner.

Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Jerry L. Short, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Gezim Hysaj, A94 381 950, a native of and citizen of Albania, petitions for review of the BIA's September 29, 2005 order affirming Immigration Judge ("IJ") George T. Chew's decision denying Hysaj's applications for asylum, withholding of removal, and relief under the Covenant Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

In this case, the IJ found Hysaj's testimony incredible because: (1) Hysaj did not testify about the September 14, 1998 police violence mentioned in Sterkaj's undated letter; (2) Sterkaj's undated letter failed to mention the June 2001 arrest; (3)

Sterkaj's July 2003 letter omits Hysaj's other arrests and problems; (4) Sterkaj's July 2003 letter says that Hysaj was arrested June 23, 2001, while Hysaj testified it was June 25; (5) Hysaj's Democratic Party card was dated July 2000, while Hysaj testified that he joined the party in 1991; and (6) Hysaj' s testimony was very vague and generalized. While we have concerns about the IJ's reliance on the last three of these reasons—particularly his failure to analyze Hysaj's explanation for the party card, and his failure to probe for details—the first three findings are supported by substantial evidence. These are "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang v. U.S. Immigration and Naturalization Service,* 386 F.3d 66, 74 (2d Cir. 2004) (internal quotations omitted). These reasons adequately support the adverse credibility finding and, considered in the context of the IJ's entire analysis and the BIA's explicit reliance on only these three findings in affirming the IJ's determination, it can be confidently predicted that the agency would adhere to the decision based on these factors alone. Remand would therefore be futile here. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006).

Hysaj contends that the IJ erred by never considering his claims in light of the current country conditions. The adverse credibility determination undermined Hysaj's entire asylum claim, however, both as to past persecution and well-founded fear of future persecution because of his membership in the Democratic Party. Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily also precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, because the only evidence that petitioner was like-

ly to be tortured depended upon the petitioner's credibility, the adverse credibility determination necessarily precludes success on the claim for CAT relief as well. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Accordingly, the IJ's decision must be upheld.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.